IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| In Re: YOUR PUMP OF TEXAS, INC., § | |
| § | Appeal from the United States |
| *Appellant*, § | Bankruptcy Court, Eastern District |
| § | of Texas, Tyler Division, |
| § | Adversary Proceeding No. 0361540 |
| v. § | |
| § | 6:04cv506 |
| § | |
| LA GLORIA OIL & GAS CO., INC., § | |
| § | |
| *Appellee*. § | |

## MEMORANDUM OPINION AND ORDER

On this day came on to be considered the instant appeal from final order in a bankruptcy court case. After careful consideration, the Court is of the opinion that the following order should issue.

### STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a) since this is an appeal from an order and ruling entered in favor of appellees by the Honorable Bill Parker. This Court has jurisdiction to hear appeals of final orders and interlocutory orders from the bankruptcy court.

### PROCEDURAL HISTORY

Appellant/Debtor, Your Pump of Texas, Inc. ("Your Pump"), filed a voluntary petition for Chapter 11 bankruptcy protection on July 25, 2003. Appellee/Creditor La Gloria Oil &

Gas Company, Inc. ("La Gloria"), filed a proof of claim (claim No. 21) on November 13, 2003, asserting that it held a $1,411,879.61 secured claim and that the collateral in question was valued at $764,477.01.  Thereafter, La Gloria filed an amended proof of claim (claim No. 24) in the amount of $1,263,248.61, of which $764,477.01 was claimed as secured. Your Pump objected to the allowance of the secured portion of the claim on the grounds that La Gloria's claim was not properly secured.

The Bankruptcy Court held a trial on the matter, hearing testimony from witnesses and admitting documents into evidence.  The Bankruptcy Court also provided the parties with additional time to file post-hearing briefs for the Court's review and consideration.  On September 30, 2004, the Court entered its *Memorandum of Decision* and its *Order Denying Debtor's Objection*.  Your Pump timely filed its Notice of Appeal on November 16, 2004.

## BACKGROUND

Your Pump operates retail gasoline stations, providing its customers with unleaded gasoline and diesel fuel.  La Gloria is a wholesale provider of such petroleum products from which Your Pump purchased its inventory on at least a weekly basis from October 1991 through July 2003.  La Gloria extended credit to Your Pump for these purchases under a Revolving Loan Agreement which it executed on October 11, 1991.  The Revolving Loan Agreement provided that Your Pump would purchase from La Gloria all gasoline, diesel, and other petroleum products to be utilized by Your Pump for resale, and that, in consideration for such purchases, La Gloria would provide favorable payment terms to Your Pump.

Although the Revolving Loan Agreement contemplated a "continuing and ongoing" relationship between the parties, it was expressly limited to a six-month term.

Also executed on or about October 11, 1991 were three other documents including a Security Agreement, a UCC-1 Financing Statement, and a Tri-Party Subordination Agreement whereby the security interest of another lender was subordinated to that held by La Gloria. The Security Agreement granted to La Gloria a security interest in "[a]ll accounts receivable, rights to payment and claims, and all inventory, wherever located, all proceeds generated therefrom, together will all substitutions and replacements." The Security Agreement also included a future advances or "dragnet" clause which provided:

> The security interest granted herein secures the payment and performance of all indebtedness, liabilities and obligations of Debtor to Secured Party (hereinafter collectively called the "Obligations"), whether joint or several, direct or indirect, absolute or contingent, due or to become due, now existing or hereinafter arising, and all modifications, renewals, extensions, rearrangements, substitutions and replacements of the Obligations, and any of the same, including without limitation, the indebtedness evidenced by a Revolving Loan Agreement of even date herewith . . .

Your Pump signed a UCC-1 Financing Statement at the time it signed the Security Agreement, but said Financing Statement was never filed by La Gloria. In October of 2002, eleven years into the relationship, Your Pump notified La Gloria of its failure to file the Financing Statement. Thereafter, Your Pump signed a new UCC-1 Financing Statement to allow the proper perfection of La Gloria's security interest in order that its access to La Gloria's petroleum products might not be interrupted. La Gloria filed the new Financing

3

Statement with both the Texas Secretary of State and the County Court at Law Records of Gregg County.

For eleven years Your Pump purchased petroleum products from La Gloria and those transactions were almost exclusively based on the terms reflected in the original Revolving Loan Agreement, including the favorable 45-day payment term. During this period, the parties enjoyed a relatively good working relationship. It was not until July 2, 2003, after Your Pump failed to tender a significant payment of indebtedness, that La Gloria ceased to allow Your Pump access to its refinery pumps. Thereafter, on July 25, 2003, Your Pump filed its voluntary petition for relief under Chapter 11 in the Bankruptcy Court.

## APPELLANT'S ARGUMENTS

The Appellant now appeals the decision of the Bankruptcy Court on the following point of error:

(1) The Bankruptcy Court erred in holding that La Gloria possessed a valid security interest against Your Pump's property pursuant to the Security Agreement sufficient to support La Gloria's presentation of a secured claim.

## STANDARD OF REVIEW

### I. Factual Findings of the Bankruptcy Court:

The standard of review for factual findings made by the bankruptcy court is found in Bankruptcy Rule 8013: "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." As a corollary of that review standard, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the

witnesses." Case law supports the rule's statement that broad deference is to be given the findings of the bankruptcy court under the clearly erroneous standard. In discussing the meaning of the clearly erroneous standard, the United States Court of Appeals for the Fifth Circuit has stated that there are guidelines to be followed by the district court:

> [t]he foremost of these principles...is that "[a] finding is clearly erroneous when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed". . . This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.

*See, e.g., Matter of Luce*, 960 F.2d 1277, 1280 (5th Cir. 1992) (citation omitted); *Matter of Webb*, 954 F.2d 1102, 1103-1104 (5th Cir. 1992); *Matter of T.B. Westex Foods, Inc.*, 950 F.2d 1187, 1190 (5th Cir. 1992) (citations omitted).

Additionally, the court stated that plausibility of the findings in view of the entire records is a key factor, and that a reversal of the Bankruptcy Court's decision is not merited merely because the reviewing court would have decided the case differently had it been presiding as the fact finder: "[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous. *Id*.

**II. Conclusions of Law**:

In contrast to the clearly erroneous standard of review for findings of fact, conclusions of law reached by the bankruptcy court are to be given *de novo* review by this Court. *Luce*, 960 F.2d at 1280 (*citing Jordan v. Southeast Nat'l Bank (In Re Jordan)*, 927 F.2d 221, 223-224 (5th Cir. 1991))**.**

5

## ANALYSIS

Your Pump asserts three arguments in support of its position that the Bankruptcy Court erred in holding that La Gloria possessed a valid security interest against its property. First, Your Pump contends that La Gloria's reliance on the 1991 loan agreement and security agreement was misplaced. Second, Your Pump alleges that the Bankruptcy Court's conclusions regarding the parties' intent was wrong. Finally, Your Pump argues that none of the documents created and executed by the parties established a valid security interest sufficient to support La Gloria's claim.

On or about October 11, 1991, the parties executed four documents. Among those documents were a Revolving Loan Agreement and a Security Agreement. It is these two documents, and the relationship between them, that are at the center of the parties' disagreement. As stated earlier, the Revolving Loan Agreement provided that Your Pump would purchase from La Gloria all gasoline, diesel, and other petroleum products to be utilized by Your Pump for resale, and that, in consideration for such purchases, La Gloria would provide favorable payment terms to Your Pump. Although the Revolving Loan Agreement contemplated a "continuing and ongoing" relationship between the parties, it was expressly limited to a six-month term.

The Security Agreement granted to La Gloria a security interest in "[a]ll accounts receivable, rights to payment and claims, and all inventory, wherever located, all proceeds generated therefrom, together will all substitutions and replacements." The Security Agreement also included a future advances clause and an express provision stating that it

was to be construed in accordance with the Revolving Loan Agreement and Security Agreement's terms. It is said provision that forms the basis of Your Pump's first argument.

Your Pump contends that because the Revolving Loan Agreement expired six months after its execution date, the Security Agreement necessarily expired along with it as the Security Agreement was to be construed in accordance with the Revolving Loan Agreement. The documents, when read together as a single instrument, asserts Your Pump, could yield no other determination. La Gloria contends, however, and the Bankruptcy Court agreed, that although the Loan Agreement expired in April 1992, the business relationship of the parties and La Gloria's security interest continued unchanged until 2003. To that end, the Bankruptcy Court concluded, "the long-term course of dealing between the parties, the language of the Revolving Loan Agreement which contemplates a continuing and ongoing relationship, and the fact that the Debtor's president did not hesitate after the passage of many years to reaffirm the existence of the secured indebtedness through the execution of a replacement financing statement all militate in favor of finding that the parties intended for the relationship to exceed six months and further intended that the created security interest would apply to secure the payment of all obligations owed by the Debtor to La Gloria."

Your Pump's first argument is without merit, and accordingly, must fail. While it is undisputed that the Revolving Loan Agreement expired after six months, and further undisputed that the Security Agreement was to be construed in accordance with the Revolving Loan Agreement, the ensuing course of dealing between the parties clearly demonstrated that the parties intended otherwise. This was evidenced by the fact that the

7

ongoing business relationship between the parties continued unchanged from the time the initial documents were executed through 2003, a period of almost 12 years. In fact, according to Greg Ackard, President of Your Pump, the 1991 Revolving Loan Agreement was the document that best described the business terms of the purchase and sales transactions between La Gloria and Your Pump, not the 1992 agreement or any other document referenced by Your Pump in their brief.

Additionally, Your Pump's reasoning as to why there was no valid security agreement in existence during a ten year period of the parties business relationship contradicts itself and only serves to strengthen La Gloria's position. Although Your Pump argues that the agreements between the parties are unambiguous, and that they should be interpreted to "give each part of the contract meaning," Your Pump's interpretation would in reality have the effect of reading more than one provision completely out of the Security Agreement. Recall that the terms of the Security Agreement explicitly extend to the debt incurred by Your Pump after the expiration of the a 1991 Agreement:

> The security interest granted herein secures the payment and performance of *all* indebtedness, liabilities and obligations of Debtor to Secured Party (hereinafter collectively called the "Obligations"), whether joint or several, direct or indirect, absolute or contingent, due or to become due, now existing *or hereinafter arising*, and all modifications, renewals, extensions, rearrangements, substitutions and replacements of the Obligations, and any of the same, including *without limitation*, the indebtedness evidenced by a Revolving Loan Agreement of even date herewith . . .

Thus, while Your Pump purports to seek to give meaning to every term of the documents, by limiting the applicability of the Security Agreement to the 1991 Revolving Loan Agreement, the end result is to eliminate the words "all," "or hereinafter arising," and "without

8

limitation" from the Security Agreement.

Because this Court finds that the 1991 documents were sufficient to create a valid security interest and that La Gloria was justified in relying on said documents, appellant's first argument is without merit. Accordingly, Your Pump's remaining arguments necessarily fail.

It is therefore

**ORDERED, ADJUDGED and DECREED** that the Bankruptcy Court's Memorandum of Decision in the above-styled and numbered appeal are hereby **AFFIRMED**.

It is further

**ORDERED** that all attorneys fees and costs shall be borne by the party incurring the same.

It is further

**ORDERED** that all motions not previously ruled upon are hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 15th day of May, 2006.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE